SEP 24 2024 PM5:14
FILED-USDC-CT-NEW HAVEN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-24-2

UNITED STATES OF AMERICA

v.

ANGEL BORRERO, a.k.a. "ChiChi,"
JOSUE ROMERO, a.k.a. "Sway,"
REYNALDO DIAZ, a.k.a. "Rey,"
ANTHONY PENA, a.k.a. "Tony,"
MICHAEL RIVAS, and
RICARDO ESTRADA, a.k.a. "Rick"

CRIMINAL NO. 3:24CR 186 (SVN)(SVN)

VIOLATIONS:

18 U.S.C. § 371 (Conspiracy)

18 U.S.C. § 2119(2) (Carjacking)

18 U.S.C. § 1201(a)(1) (Kidnapping)

18 U.S.C. § 2 (Aiding and Abetting)

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy)

1.      At all times relevant to this Indictment, the defendants ANGEL BORRERO, a.k.a. "ChiChi," JOSUE ROMERO, a.k.a. "Sway," REYNALDO DIAZ, a.k.a. "Rey," ANTHONY PENA, a.k.a. "Tony," MICHAEL RIVAS, and RICARDO ESTRADA, a.k.a. "Rick," resided in Florida.

The Conspiracy

2.      Beginning on or about August 23, 2024 and continuing until at least August 25, 2024, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, BORRERO, ROMERO, DIAZ, PENA, RIVAS, and ESTRADA, and others known and unknown to the Grand Jury (collectively, the "co-conspirators"), did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together and with each other and others to commit an offense against the United States, that is, to unlawfully, knowingly, and willfully seize, confine, inveigle, decoy, kidnap, abduct, or carry away the victims, R.C. and S.C.,

whose identities are known to the Grand Jury, for ransom, reward, or otherwise, and did so using an instrumentality of interstate or foreign commerce, that is, a cellular phone and a motor vehicle, in violation of Title 18, United States Code, Section 1201(a).

Manner and Means of the Conspiracy

3.    The manner and means by which BORRERO, ROMERO, DIAZ, PENA, RIVAS, ESTRADA, and their co-conspirators sought to accomplish and did accomplish the object of the conspiracy included, among others, the following:

4.    It was part of the conspiracy that BORRERO, ROMERO, DIAZ, PENA, RIVAS, and ESTRADA travelled to the District of Connecticut from Florida by airplane in order to plan and execute the conspiracy to kidnap the victims, R.C. and S.C..

5.    It was further part of the conspiracy that BORRERO rented a house using Airbnb in the District of Connecticut, as well as multiple vehicles, including a large van, to carry out the plan to kidnap the victims, R.C. and S.C.

6.    It was further part of the conspiracy that BORRERO, ROMERO, DIAZ, PENA, RIVAS, and ESTRADA used Facetime, iMessage, Telegram, and phone calls as means to plan and execute the conspiracy.

7.    It was further part of the conspiracy that BORRERO and other co-conspirators identified and targeted victims R.C. and S.C. because the co-conspirators believed the victims' son had access to significant amounts of digital currency.

8.    It was further part of the conspiracy that BORRERO, ROMERO, DIAZ, PENA, RIVAS, and ESTRADA planned to kidnap victims R.C. and S.C. and hold the victims against their will at the house rented by BORRERO and then demand payment in the form of digital currency from the son of R.C. and S.C. in return for their safety.

<u>Overt Acts</u>

9.     In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed in the District of Connecticut and elsewhere:

a.  On or about August 24, 2024, BORRERO, ROMERO, DIAZ, PENA, RIVAS, and ESTRADA conducted surveillance on victims R.C. and S.C. in Danbury, Connecticut.

b.  On or about August 24, 2024, BORRERO, ROMERO, DIAZ, PENA, RIVAS, and ESTRADA went to a store in Danbury, Connecticut to purchase duct tape to use to restrain the victims, along with other items.

c.  On or about August 25, 2024, BORRERO, ROMERO, DIAZ, PENA, RIVAS, and ESTRADA surrounded R.C. and S.C. while they were driving in multiple vehicles.

d.  As part of the conspiracy, the co-conspirators possessed baseball bats in order to physically harm the victims and jump ropes and duct tape to restrain the victims.

e.  The co-conspirators forcibly removed R.C. and S.C. from their vehicle and into the back of a rented van.  One or more of the co-conspirators told victims R.C. and S.C. that they would hurt them if the victims did not cooperate.

f.  One or more of the co-conspirators struck S.C. in the face and arm with a baseball bat.  Another of the co-conspirators pulled R.C. by her hair and forced her to the ground in the van.

g.  One or more of the co-conspirators used duct tape to tie the arms of R.C. and S.C. so they could not move in the back of the van.

3

h. It was part of the conspiracy that BORRERO, ROMERO, DIAZ, PENA, RIVAS, and ESTRADA tried to transport R.C. and S.C. to their rented house, where they would then attempt to obtain digital currency from the victims' son in exchange for the safety of his parents, R.C. and S.C.

i. It was part of the conspiracy that, when law enforcement arrived at the scene of the kidnapping, BORRERO, ROMERO, DIAZ, PENA, RIVAS, and ESTRADA attempted to flee from law enforcement. BORRERO directed his co-conspirators by iMessage to return to the Airbnb. However, a co-conspirator crashed the van, causing four of the co-conspirators to flee on foot before they were apprehended nearby by law enforcement.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO
(Carjacking)

10. On or about August 25, 2024, in the District of Connecticut, the defendants ANGEL BORRERO, a.k.a. "ChiChi," JOSUE ROMERO, a.k.a. "Sway," REYNALDO DIAZ, a.k.a. "Rey," ANTHONY PENA, a.k.a. "Tony," MICHAEL RIVAS, and RICARDO ESTRADA, a.k.a. "Rick," took, and aided and abetted each other in taking, a motor vehicle, that is, a Lamborghini SUV with a VIN ending in 0223, the full identity of which is known to the Grand Jury, which had been transported, shipped, and received in interstate and foreign commerce, from the person and in the presence of the victims, R.C. and S.C., whose identities are known to the Grand Jury, by force, violence, and intimidation, with the intent to cause death and serious bodily harm, resulting in serious bodily injury, by beating R.C. with a baseball bat and by punching him, that caused extreme physical pain to R.C.

In violation of Title 18, United States Code, Sections 2119(2) and 2.

4

## COUNT THREE
### (Kidnapping)

11.     On or about August 25, 2024, in the District of Connecticut, the defendants ANGEL BORRERO, a.k.a. "ChiChi," JOSUE ROMERO, a.k.a. "Sway," REYNALDO DIAZ, a.k.a. "Rey," ANTHONY PENA, a.k.a. "Tony," MICHAEL RIVAS, and RICARDO ESTRADA, a.k.a. "Rick," did, and aided and abetted each other to, unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold the victims, R.C. and S.C., whose identities are known to the Grand Jury, for ransom, reward, and otherwise, and, in committing or in furtherance of the commission of the offense, used a means, facility, and instrumentality of interstate or foreign commerce, that is, a cellular telephone and a motor vehicle.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

### FORFEITURE ALLEGATION

12.     Upon conviction of one or more of the offenses alleged in this Indictment, the defendants ANGEL BORRERO, a.k.a. "ChiChi," JOSUE ROMERO, a.k.a. "Sway," REYNALDO DIAZ, a.k.a. "Rey," ANTHONY PENA, a.k.a. "Tony," MICHAEL RIVAS, and RICARDO ESTRADA, a.k.a. "Rick," shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(5), and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, from violations of Title 18, United States Code, Section 2119 and Title 18, United States Code, Section 1201(a)(1), and a sum of money equal to the total amount of proceeds obtained as a result of the offense.

13.     If any such forfeitable property, as the result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred to, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be

divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of such forfeitable property.

All in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(5); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON

UNITED STATES OF AMERICA

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

ROSS WEINGARTEN
ASSISTANT UNITED STATES ATTORNEY